OPINION
{¶ 1} Defendant-appellant Travelers Indemnity Company of Illinois ("Travelers") appeals the February 26, 2003 Judgment Entry of the Fairfield County Court of Common Pleas, which granted summary judgment to plaintiffs-appellees Virginia and James Smyers, and Christy Solsman, Virginia's daughter and James' step-daughter.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} On May 9, 1998, Virginia and James Smyers were husband and wife and residing together. On that date, they and Christy Solsman were all injured in an automobile accident allegedly caused by the negligence of Michelle Freeman. Appellees were occupying a vehicle owned by Virginia Smyers at the time. Freeman was operating a vehicle owned David Bennett, II. Freeman and Bennett were insured by Leader Preferred Insurance Company and Victoria Insurance Company, each policy providing coverage in the amount of $25,000. Appellees settled their claims against Bennett and Freeman for the policy limits with the consent of Travelers.
{¶ 3} At the time of the accident, James Smyers was employed by Anchor Hocking, a subsidiary of the Newell Company, which was insured under a commercial auto policy issued by Travelers.
{¶ 4} Appellees filed separate complaints against Bennett and Freeman. Thereafter, appellees amended their complaints to join Travelers seeking a declaration they were entitled to underinsured motorist coverage under the Travelers' policy pursuant to Scott-Pontzer v. LibertyMut. Fire Ins. Co., 85 Ohio St.3d 660, 1999-Ohio-292, and Ezawa v. YasudaFire Marine Ins. Co. of America, 86 Ohio St.3d 557, 1999-Ohio-124.
{¶ 5} Via Judgment Entry filed February 26, 2003, the trial court granted appellees' motion for summary judgment declaring appellees had valid claims for the $2,000,000 in UM/UIM coverage provided for by operation of law under Travelers' policy. It is from that judgment entry Travelers prosecutes this appeal, assigning as error:
{¶ 6} "I. The trial court committed reversible error by awarding plaintiffs-appellees' summary judgment and declaring that plaintiffs-appellees were entitled to ohio uninsured/underinsured motorists coverage from defendant-appellant travelers indemnity company of illinois."
 I
{¶ 7} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36.
{¶ 8} Civ.R. 56(C) states, in pertinent part:
{¶ 9} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
{¶ 10} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280.
{¶ 11} It is based upon this standard we review Travelers' assignment of error.
{¶ 12} Appellees' claims for UIM coverage are based uponScott-Pontzer and Ezawa. After the trial court issued its ruling, the Ohio Supreme Court decided Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, and In re: Uninsured Underinsured Motorist Coverage Cases, 100 Ohio St.3d 302,2003-Ohio-5888. Therein, the Ohio Supreme Court limitedScott-Pontzer". . . by restricting the application of uninsured and underinsured motorist coverage issued to a corporation to employees only while they are acting within the course and scope of their employment, unless otherwise specifically agreed." Galatis, supra at 2. TheGalatis decision also overruled Ezawa.
{¶ 13} Because neither the parties nor the trial court had the benefit of the Galatis or In re: Uninsured and Underinsured MotoristCoverage Cases decisions, we vacate the trial court's judgment and remand the case to the trial court to reconsider the opposing motions for summary judgment in light of those intervening Supreme Court decisions.
{¶ 14} The judgment of the Fairfield County Court of Common Pleas is vacated and the matter is remanded to that court for further proceedings.
Hoffman, P.J., Wise, J. and Boggins, J., concur.