{¶ 33} Although I agree with much of the majority's opinion, I must respectfully disagree with its ultimate resolution of this appeal. The majority acknowledges that the Haymans' claims were based on Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, and that Scott-Pontzer has been partially overruled by Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849.[1] The majority then states that the Haymans "do not here allege or attempt to demonstrate that Mrs. Hayman was acting within the course and scope of employment when the accident happened" and concludes that Mrs. Hayman must not have been acting within the course and scope of her employment. Ante at ¶ 16. I cannot reach the same conclusion.
 {¶ 34} The Haymans did not have to allege or attempt to demonstrate that Mrs. Hayman was acting within the course and scope of her employment when these proceedings were initiated. At the trial court level, the governing caselaw was Scott-Pontzer
and whether or not Mrs. Hayman was acting within the course and scope of her employment was irrelevant under a Scott-Pontzer
analysis. That issue only became relevant after this case was fully briefed on appeal, when Galatis was decided. Furthermore, we cannot accept evidence regarding the course and scope of her employment now since a reviewing court cannot consider evidence the trial court did not use when reaching its decision. Murphyv. Reynoldsburg (1992), 65 Ohio St.3d 356, 360.
 {¶ 35} Thus, we are faced with a situation where the Haymans could not have been expected to either allege or demonstrate that Mrs. Hayman was acting within the course and scope of her employment when she was injured and we cannot tell from the record whether she was actually acting within the course and scope of her employment when she was injured. In this situation, the better course is not to punish the Haymans for failing to make an irrelevant argument to the trial court or for failing to make an argument unsupported by the evidence in this court by concluding that Mrs. Hayman must not have been acting within the course and scope of her employment when she was injured. Instead, we should remand this matter to the trial court so it can determine that issue. Other courts have made this same conclusion and we should not shy away from it in our zeal to apply Galatis
to all Scott-Pontzer-based claims. See Farley v. Chamberlain,
4th Dist. No. 03CA48, 2004-Ohio-2771; Smyers v. Bennett, 5th Dist. No. 2003CA17, 2003-Ohio-7051. It is inappropriate for us to decide an issue that the trial court has not first had the opportunity to consider. Murphy at 360.
[1] Under Scott-Pontzer, Mrs. Hayman was an insured under her employer's insurance policies for the purposes of uninsured/underinsured motorist coverage as long as she was an employee of the company. However, under Galatis she is an insured under those policies only when she is acting within the course and scope of her employment. Id. at paragraph two of the syllabus.