DECISION AND JUDGMENT ENTRY
{¶ 1} American Home Assurance Company ("American Home") and National Union Fire Insurance Company of Pittsburgh, PA ("National Union") appeal the trial court's entry of summary judgment to Marjorie Farley ("Farley") that awarded her uninsured/underinsured motorist ("UM/UIM") coverage under policies issued to her employer. The trial court granted summary judgment to Farley based on Scott-Pontzer v. Liberty Mut. FireIns. Co., 85 Ohio St.3d 660, 1999-Ohio-292, 710 N.E.2d 1116, where the Ohio Supreme Court held that an uninsured motorist endorsement that identifies a corporation as the named insured extends coverage to an employee even if she is outside the scope and course of her employment. However, while the appeal of the trial court's decision was pending, the Ohio Supreme Court limited Scott-Pontzer to situations where an employee is acting within the scope and course of her employment. Westfield Ins.Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849,797 N.E.2d 1256. It is inappropriate for us to determine from the record if Farley was acting in the scope and course of her employment at the time she was injured since the trial court did not have the opportunity to consider this issue. Accordingly, we reverse the trial court's judgment and remand this matter to the trial court for further proceedings on that issue.
 {¶ 2} In July 2001, a motor vehicle operated by Winifred Lucille Chamberlain ("Chamberlain") struck Farley as she was entering her vehicle in the parking lot of Wal-Mart Stores, Inc. ("Wal-Mart") in Marietta, Ohio. Farley was an employee of Wal-Mart and was on her way to or from work at the time of the accident.[1] Farley sustained serious injuries and has incurred substantial expenses as a result of the accident.
 {¶ 3} In October 2001, Farley filed a complaint against Chamberlain, National Union, Safeco Insurance Company ("Safeco") and Wal-Mart in the Washington County Court of Common Pleas. Farley claimed she was entitled to UM/UIM benefits from Safeco and National Union. Safeco insured Farley under a homeowners' policy and National Union insured Wal-Mart under an automobile liability and a general liability policy.
 {¶ 4} Safeco filed a motion for summary judgment, which the trial court granted. Chamberlain's auto liability carrier settled with Farley and Farley added American Home, which insured Wal-Mart under a commercial umbrella policy, as an additional defendant. American Home and National Union jointly moved for summary judgment and Farley filed a cross-motion for summary judgment.
 {¶ 5} The trial court denied American Home and National Union's motion for summary judgment and granted Farley's motion for summary judgment, finding that Farley was entitled to UM/UIM coverage under the automobile liability and commercial umbrella insurance policies issued to Wal-Mart. In reaching its decision, the court relied on Scott-Pontzer. In Scott-Pontzer, the Ohio Supreme Court held that an uninsured motorist endorsement that identifies a corporation as the named insured extends coverage to an employee even if she is outside the scope and course of her employment.
 {¶ 6} American Home and National Union did not dispute the applicability of Scott-Pontzer in their summary judgment motion, but argued that there was no UM/UIM coverage in the Wal-Mart policies and such coverage did not arise by operation of law. First, the insurers argued that Wal-Mart was self-insured in a practical sense and therefore exempt from R.C. 3937.18, which requires that insurers offer UM/UIM coverage to all insureds. Next, the insurers argued that Wal-Mart properly rejected UM/UIM coverage so no coverage was available to Farley. Thirdly, the insurers argued that Farley was not entitled to coverage because she was not occupying a "covered auto" at the time of the accident. Finally, the insurers argued that there is no coverage under the umbrella policy because such coverage is triggered only if there is coverage under one of the underlying policies.
 {¶ 7} The court rejected each of American Home and National Union's arguments and ordered that Farley be afforded UM/UIM coverage under the American Home automobile liability policy and the National Union commercial umbrella policy. American Home and National Union timely appealed the court's entry of summary judgment in Farley's favor. On appeal, American Home and National Union assert that the trial court erred in granting summary judgment to Farley for the four reasons argued to the trial court in their motion for summary judgment.
 {¶ 8} On the same day American Home and National Union filed their brief in this appeal, the Ohio Supreme Court issued its decision in Galatis, abandoning the Scott-Pontzer rationale. In Galatis, the Court stated: "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Paragraph two of the syllabus.
 {¶ 9} The issues in this case arise out of the trial court's finding that Farley was an insured pursuant to theScott-Pontzer rationale. Under Galatis, however,Scott-Pontzer no longer applies to all employees of a corporation. Rather, an employee of a corporation is an insured under an insurance policy issued to that corporation only if the employee suffers the loss while in the course and scope of employment.
 {¶ 10} American Home and National Union filed a notice of supplemental authority citing Galatis and arguing that the trial court's grant of summary judgment must be reversed based on the change in case law. Farley argues that we should not applyGalatis because the "scope of employment" issue was not raised in the trial court and because Galatis should not be given retroactive effect. We have already rejected these arguments and applied Galatis retroactively in several cases. See Wayne Mut.Ins. Co. v. Travelers Ins. Group, Vinton App. No. 03CA582, 2004-Ohio-225; Caplinger v. Raines, Ross App. No. 03CA2734, 2004-Ohio-1298; Murphy v. Thornton, Jackson App. Nos. 03CA18 and 03CA19, 2004-Ohio-1459. Unlike statutory enactments, judicial pronouncements generally apply retroactively. Wayne Mut. Ins.Co., supra. Therefore, we reject Farley's contention thatGalatis cannot be applied here.
 {¶ 11} Farley also contends that Galatis does not bar her claim for UM/UIM coverage under Wal-Mart's policies because she was in the course and scope of her employment at the time of the accident. American Home and National Union dispute this contention and argue that employees are not generally acting within the course and scope of their employment when they are traveling to or from work. The parties urge us to resolve this issue.
 {¶ 12} However, it is inappropriate for us to decide an issue that the trial court has not first had the opportunity to consider. See Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,360, 604 N.E.2d 138, and Ross v. Maumee City Schools (1995),103 Ohio App.3d 58, 66, 658 N.E.2d 800. A reviewing court cannot consider evidence that the trial court did not use in reaching its decision. To do so would usurp the trial court's function.Murphy at 360. Because the trial court did not reach this issue, we must remand the matter for a determination of whether Farley was acting within the scope of her employment at the time of the accident. If not, she is not entitled to coverage under Wal-Mart's policies and American Home and National Union's assigned errors are moot. Therefore, in the interest of judicial economy, we remand this matter to the trial court.
Judgment reversed and cause remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellants recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion.
[1] Although it would seem more likely that Farley was exiting her car on her way to work, the trial court found that she was "entering her vehicle" and "was on her way to or from work at Wal-Mart." Moreover, Farley implies in her brief that she was entering her vehicle but on her way to work. This inconsistency is unexplained in the record.