Pfeifer, J.
{¶ 1} The issue in this case is whether insurance policies with a deductible that matches the limit of liability, known as fronting policies, are subject to the provisions of former R.C. 3937.18. We hold that they are subject to those provisions and affirm the judgment of the court of appeals.
{¶ 2} On August 19, 2000, Michael Gilchrist was injured when struck by a vehicle driven by Arthur Gonsor. At the time he was injured, Gilchrist was in the course and scope of his employment with United Rentals, Inc. (“URI”). Gilchrist filed a claim against United States Fidelity & Guaranty Company (“USF & G”), URI’s insurer, for underinsured-motorist coverage. An endorsement to the declarations page of the relevant USF & G policy states that the policy covers “[ajutos for which certification of financial responsibility is required in states where [URI] is not qualified for self-insurance.” The trial court granted summary judgment in favor of Gilchrist, finding that URI was not self-insured and that certification of financial responsibility is required in Ohio. The court of appeals upheld the trial court’s grant of summary judgment.
*600 {¶ 3} The cause is now before the court upon the acceptance of a discretionary appeal and upon our determination that a conflict exists.
{¶ 4} A term of the agreement between URI and USF & G states that liability and uninsured- and underinsured-motorist (“UM”) coverage is provided in states where certification of financial responsibility is required and where URI is not qualified for self-insurance. Certification of financial responsibility is required in Ohio. R.C. 4509.101(A). We must now determine whether URI was self-insured in Ohio.
{¶ 5} URI and USF & G entered into an agreement, which is titled and referred to throughout as a commercial insurance policy. The policy includes a section titled “Business Auto Coverage.” Thus, URI was insured by USF & G.
{¶ 6} USF & G contends that, even though URI purchased an automobile-insurance policy, URI was self-insured in the practical sense because the deductible amount of the policy and the liability limits of the policy are the same, $1,000,000. In support, USF & G cites Grange Mut. Cas. Co. v. Refiners Transport & Terminal Corp. (1986), 21 Ohio St.3d 47, 49, 21 OBR 331, 487 N.E.2d 310. In Grange, we considered “whether an employer, who meets Ohio’s financial responsibility laws other than by purchasing a contract of insurance, must comply with the requirements * * * contained in R.C. 3937.18 * * Id. at 48, 21 OBR 331, 487 N.E.2d 310. The employer in Grange had complied with state financial-responsibility requirements by purchasing a financial-responsibility bond and excess insurance coverage. We stated that this particular form of coverage did not make the employer self-insured “in the legal sense contemplated by R.C. 4509.45(D) [now (A)(5) ] and 4509.72.” Id., 21 Ohio St.3d at 49, 21 OBR 331, 487 N.E.2d 310. We held, however, that the employer was self-insured “in the practical sense in that [the employer] was ultimately responsible under the terms of its bond either to a claimant or the bonding company in the event the bond company paid any judgment claim.” Id.
{¶ 7} Grange is inapplicable in this case because URI did not meet Ohio’s financial responsibility law “other than by purchasing a contract of liability insurance.” URI purchased an insurance policy. In contrast, the employer in Grange purchased a financial responsibility bond, which qualifies as proof of financial responsibility under R.C. 4509.45(A)(3). Nothing in the record indicates that URI took any measures, other than purchasing the fronting policy from USF & G, to establish proof of financial responsibility. Under R.C. 4509.45(A)(1) through (5), an employer may prove financial responsibility by means of a financial-responsibility identification card, a certificate of insurance, a bond, a certificate of deposit of money or securities, or a certificate of self-insurance. The fact that there is no evidence that URI obtained a certificate of self-insurance pursuant to R.C. 4509.45(A)(5) is of particular importance because only *601 those with “sufficient financial ability to pay judgments against [them]” are able to obtain such a certificate. R.C. 4509.72(B). Allowing fronting policies to substitute for certificates of self-insurance would subvert the “sufficient financial ability” requirement of R.C. 4509.72(B). We conclude that URI was not self-insured in the practical sense within the meaning of Grange.
{¶ 8} The version of R.C. 3937.18 applicable to this case is determined by the date the policy was issued. Wolfe v. Wolfe (2000), 88 Ohio St.3d 246, 250, 725 N.E.2d 261. The relevant policy in this case was issued on January 1, 2000. The version of R.C. 3937.18(A) effective on that date provided that “[n]o automobile liability or motor vehicle liability policy * * * shall be delivered or issued for delivery in this state * * * unless both [uninsured and underinsured] coverages offered to persons insured under the policy * * *.” 148 Ohio Laws, Part IV, 8577.
{¶ 9} URI met its statutory duty to provide proof of financial responsibility by purchasing a contract of insurance. Accordingly, USF & G, its insurer, is subject to the provisions of former R.C. 3937.18. The language of former R.C. 3937.18(A) was unambiguous. It mandated that “[n]o automobile liability or motor vehicle liability policy * * * shall be delivered or issued for delivery in this state * * * unless [UM coverage is] offered to persons under the policy * * *.” 148 Ohio Laws, Part IV, 8577.
{¶ 10} We hold that the uninsured- and underinsured-motorist coverage provisions of former R.C. 3937.18 apply to fronting policies and affirm the judgment of the court of appeals.
Judgment affirmed.
Resnick and F.E. Sweeney, JJ., concur.
Moyer, C.J., concurs separately.
Lundberg Stratton, O’Connor and O’Donnell, JJ., dissent.