[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] This appeal involves Defendant American Home Assurance Company only.
 DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Pike County Common Pleas Court summary judgment in favor of American Home Assurance Company, defendant below and appellee herein, following a remand from the Ohio Supreme Court. The court reversed our previous decision on the authority of Gilchrist v. Gonsor,104 Ohio St.3d 599, 2004-Ohio-7103, 821 N.E.2d 154,[2] and directed us to consider the remaining assignments of error. See Bentley v.Pendleton, 105 Ohio St.3d 326, 2005-Ohio-1824, 825 N.E.2d 1111.
 {¶ 2} The remaining assignments of error are appellee's cross-assignments of error:
FIRST CROSS-ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED IN NOT FINDING THAT WAL-MART REJECTED UM/UIM COVERAGE."
SECOND CROSS-ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED IN FAILING TO FIND THAT BENTLEY WAS NOT AN INSURED UNDER THE AMERICAN HOME POLICY."
THIRD CROSS-ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED IN FAILING TO FIND THAT THERE WAS NO COVERAGE UNDER THE AMERICAN HOME POLICY AS BENTLEY WAS NOT OCCUPYING A COVERED AUTO."
FOURTH CROSS-ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED IN FAILING TO FIND THAT THE GL FRONTING POLICY WAS NOT AN AUTOMOBILE POLICY AND NOT SUBJECT TO OHIO REVISED CODE SECTION 3937.18."
 {¶ 3} The parties do not dispute the underlying facts. On June 15, 1999, a three-car accident occurred when Carmen Pendleton failed to yield to on-coming traffic, crashing into Fred Bice's vehicle, which then crashed into Bryan's vehicle. At the time of the accident, Bryan was acting in the course and scope of his employment with Wal-Mart.
 {¶ 4} Appellants subsequently filed a complaint against appellee and requested the trial court to declare that they are entitled to UM/UIM coverage under appellee's policy that it issued to Wal-Mart.
 {¶ 5} The parties then filed cross-summary judgment motions regarding appellants' right to UM/UIM coverage under appellee's policy. Appellants asserted that: (1) they fell within the definition of an "insured" under appellee's policy; and (2) appellee failed to properly offer UM/UIM coverage to Wal-Mart, resulting in such coverage being implied as a matter of law in an amount equal to the liability limit.
 {¶ 6} Conversely, appellee argued that appellants are not entitled to UM/UIM coverage. Appellee contended that Wal-Mart is self-insured in the practical sense and thus exempt from the R.C. 3937.18 mandatory offering of UM/UIM coverage. Appellee argued that because Wal-Mart is self-insured in a practical sense and not subject to R.C. 3937.18, any purported failure to offer UM/UIM coverage in accordance with Linko v. IndemnityIns. Co. of N. Am. (2000), 90 Ohio St.3d 445, 739 N.E.2d 338, could not result in UM/UIM coverage arising by operation of law. Appellee further argued, inter alia, that appellants were not entitled to UM/UIM coverage under its policy because: (1) Wal-Mart validly rejected UM/UIM coverage; (2) Bentley does not fall within the definition of an "insured" under the policy; and (3) its policy is not an "automobile liability or motor vehicle liability policy of insurance."
 {¶ 7} The trial court determined that Wal-Mart is self-insured in a practical sense and, thus, that appellee had no obligation to comply with R.C. 3937.18. Because it found this issue dispositive, the court did not consider appellee's additional arguments.
 {¶ 8} On appeal, we affirmed the trial court's judgment and concluded that Wal-Mart is self-insured in a practical sense. The Ohio Supreme Court, however, reversed our decision. Thus, our previous decision (and the trial court's) concluding that Wal-Mart is self-insured and not subject to R.C. 3937.18 is in error. Therefore, to determine whether appellants are entitled to UM/UIM coverage under appellee's policy, appellee's remaining arguments must be considered.
 {¶ 9} Based upon Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 360,604 N.E.2d 138, however, we should not be the first court to consider appellee's remaining arguments. In Murphy, the court stated: "A reviewing court, even though it must conduct its own examination of the record, has a different focus than the trial court. If the trial court does not consider all the evidence before it, an appellate court does not sit as a reviewing court, but, in effect, becomes a trial court." Id.
 {¶ 10} Thus, we must remand the matter to the trial court so that it first can consider and then rule on the issues. Failing to do so would mean that we would, in effect, be sitting as the trial court rather than reviewing the trial court's decision. See Bohl v. Travelers Ins. Group,
Washington App. No. 03CA68, 2005-Ohio-963 (declining to consider issues raised in cross-assignments of error when trial court had not addressed them); Farley v. Chamberlain, Washington App. No. 03CA48, 2004-Ohio-2771 (remanding matter to the trial court so that it, not appellate court, would first consider the issue).
 {¶ 11} Accordingly, based upon the foregoing reasons we reverse the trial court's judgment and remand this matter for further proceedings consistent with this opinion.
Judgment Reversed and Cause Remanded.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and remanded for further proceedings consistent with this opinion. Appellants shall recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. Kline, J.: Concur in Judgment Opinion
[2] In Gilchrist, the court held that former R.C. 3937.18 applies to fronting policies.