DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Jackson County Common Pleas Court summary judgment in favor of Holly Hill Motel, Inc. (Holly Hill) and Rodney McCorkle dba Rodney McCorkle Builder (McCorkle), defendants below and appellees herein.
 {¶ 2} Dorothy Lang, executrix of the estate of Albert Lang, plaintiff below and appellant herein, raises the following assignment of error for review and determination:
"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT HOLLY HILL MOTEL AND THIRD PARTY DEFENDANT ROD McCORKLE BUILDERS."
 {¶ 3} On April 4, 1999, appellant and her husband, Albert Lang, stopped at the Holly Hill Motel. Appellant requested a handicap accessible room, but the motel advised that none was available. The motel assigned the Langs a room that required them to climb two steps to reach the motel room. Appellant assisted her husband, who suffered from emphysema and required an oxygen tank, up the steps. As they crossed the second step, her husband fell and suffered a broken hip. In July of 1999, Mr. Lang died from respiratory failure. Appellant alleges her husband's limited mobility following his broken hip operation hastened his death.
 {¶ 4} On April 6, 2004, appellant filed a complaint against Holly Hill[1] and alleged that her husband tripped at the Holly Hill motel while traversing unusually high steps that lacked a handrail. She further averred that he suffered a broken hip and this injury subsequently caused respiratory failure and his ultimate demise.
 {¶ 5} Holly Hill filed a third-party complaint against McCorkle and alleged that McCorkle's negligent construction proximately resulted in Mr. Lang's injuries.
 {¶ 6} On November 5, 2004, McCorkle requested summary judgment and asserted that appellant could not identify the precise cause of her husband's fall. McCorkle further argued that any hazards associated with the step were open and obvious, which obviated him of a duty to warn.
 {¶ 7} On January 19, 2005, Holly Hill also requested summary judgment and raised essentially the same arguments as McCorkle: (1) that the step presented an open and obvious danger; and (2) that appellant could not identify what caused her husband to fall.
 {¶ 8} In response, appellant asserted that in her deposition she stated that her husband tripped on the step. She argued that she need not establish to an absolute certainty what caused the fall, but need only produce evidence so that a jury could reasonably infer that "the defect complained of caused the fall." Appellant further disputed appellees' arguments that the step presented an open and obvious danger. She contended that the riser height was not readily discoverable and that while the lack of a handrail was apparent, the need for one was not. Appellant argued that if a handrail had been in place, it may have prevented her husband's fall.
 {¶ 9} On March 15, 2005, the trial court granted McCorkle and Holly Hill summary judgment. It determined that because appellant could not state with certainty what caused her husband to fall, she could not establish the cause of his fall. Appellant timely appealed the trial court's judgment.
 {¶ 10} In her sole assignment of error, appellant contends that the trial court improperly entered summary judgment in appellees' favor. She asserts that the court erroneously concluded that her deposition testimony did not set forth sufficient facts to allow a jury to find that the step caused her husband's fall. She notes that the court referenced her testimony stating that she could not "say for sure whether he tripped. I think he tripped over the step and went forward." Appellant argues that at least seven other times in her deposition, she stated that he tripped on the step.
 {¶ 11} Initially, we note that when reviewing a trial court's summary judgment decision, an appellate court conducts a de novo review. See, e.g., Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 671 N.E.2d 241. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704, 711, 622 N.E.2d 1153; Morehead v. Conley (1991),75 Ohio App.3d 409, 411-12, 599 N.E.2d 786. Thus, in determining whether a trial court properly granted a summary judgment motion, an appellate court must review the Civ.R. 56 summary judgment standard, as well as the applicable law.
 {¶ 12} Civ.R. 56(C) provides, in relevant part, as follows:
* * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
 {¶ 13} Thus, a trial court may not grant a summary judgment motion unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997),77 Ohio St.3d 421, 429-30, 674 N.E.2d 1164.
 {¶ 14} Under Civ.R. 56, the moving party bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a material fact. Vahila, supra; Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273. The moving party cannot discharge its initial burden under the rule with a conclusory assertion that the nonmoving party has no evidence to prove its case. See Kulch v. Structural Fibers, Inc. (1997),78 Ohio St.3d 134, 147, 677 N.E.2d 308, 318; Dresher, supra. Rather, the moving party must specifically refer to the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any," which affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ.R. 56(C);Dresher, supra.
 {¶ 15} "[U]nless a movant meets its initial burden of establishing that the nonmovant has either a complete lack of evidence or has an insufficient showing of evidence to establish the existence of an essential element of its case upon which the nonmovant will have the burden of proof at trial, a trial court shall not grant a summary judgment." Pennsylvania LumbermansIns. Corp. v. Landmark Elec., Inc. (1996), 110 Ohio App.3d 732,742, 675 N.E.2d 65. Once the moving party satisfies its burden, the nonmoving party bears a corresponding duty to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); Dresher, supra. A trial court may grant a properly supported summary judgment motion if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial. Id.; Jackson v. Alert Fire Safety Equip., Inc. (1991),58 Ohio St.3d 48, 52, 567 N.E.2d 1027.
 {¶ 16} A negligence action requires a plaintiff to establish that: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached the duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. See, e.g., Texler v. D.O. Summers Cleaners
(1998), 81 Ohio St.3d 677, 680, 693 N.E.2d 217; Jeffers v.Olexo (1989), 43 Ohio St.3d 140, 142, 539 N.E.2d 614; Menifeev. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75,472 N.E.2d 707. If a defendant points to evidence illustrating that the plaintiff will be unable to prove any one of the foregoing elements and if the plaintiff fails to respond as Civ.R. 56 provides, the defendant is entitled to judgment as a matter of law. See Feichtner v. Cleveland (1994), 95 Ohio App.3d 388,394, 642 N.E.2d 657; Keister v. Park Centre Lanes (1981),3 Ohio App.3d 19, 443 N.E.2d 532-A-0015.
 {¶ 17} "To establish negligence in a slip and fall case, it is incumbent upon the plaintiff to identify or explain the reason for the fall." Stamper v. Middletown Hosp. Assn. (1989),65 Ohio App.3d 65, 67-68, 582 N.E.2d 1040, citing ClevelandAthletic Assn. Co. v. Bending (1934), 129 Ohio St. 152,194 N.E. 6; see, also, Boles v. Montgomery Ward Co. (1950),153 Ohio St. 381, 389, 92 N.E.2d 9 ("It is incumbent on the plaintiff to show how and why an injury occurred — to develop facts from which it can be determined by the jury that the defendant failed to exercise due care and that such failure was a proximate cause of the injury."). Thus, a plaintiff cannot establish negligence when he, either personally or with the use of outside witnesses, is unable to identify what caused the fall. Stamper,65 Ohio App.3d at 68. "In other words, a plaintiff must know what caused him to slip and fall. A plaintiff cannot speculate as to what caused the fall." Beck v. Camden Place at Tuttle Crossing,
Franklin App. No. 02AP-1370, 2004-Ohio-2989; see, also, Parrasv. Standard Oil Co. (1953), 160 Ohio St. 315, 116 N.E.2d 300, paragraph two of the syllabus (stating that an inference of negligence does not arise from mere guess, speculation, or wishful thinking, but rather can arise only upon proof of some fact from which such inference can reasonably be drawn). Whether a genuine issue of material fact exists depends on whether the evidence presents "a substantial disagreement to require submission to a jury" or whether it is so "one-sided that one party must prevail as a matter of law." Turner v. Turner
(1993), 67 Ohio St.3d 337, 340, 617 N.E.2d 1123, citing Andersonv. Liberty Lobby, Inc. (1986), 447 U.S. 242, 251-252,106 S.Ct. 2505.
 {¶ 18} In the case at bar, we do not believe that appellant simply failed to identify or, in other words, purely speculated about the cause of her husband's fall so that appellees must prevail as a matter of law. We are aware of cases in which a plaintiff admits that he or she has no information or idea concerning the cause or reason for their fall. In those cases, the plaintiffs then simply speculate about the cause or reason for their fall. We, however, do not believe that this type of situation exists here. In the instant case appellant expressed several times in her deposition that she had no doubt about the cause of her husband's fall. For example, appellant stated: (1) "he fell on the second step"; (2) "he fell across the top step when he tripped"; and (3) "I was holding onto him and I could feel when * * * he pulled away from me. And it was at that step. And to me, he tripped. You know, he put his foot up and the toe, his toe caught on the top of the step. And he went — pitched forward." Appellant also testified that she "could say without reservation [that] his feet did not get tangled up." One time during her deposition, however, appellant did express some doubt as to whether the step caused her husband's fall. We do not believe that under these particular facts appellant's lone statement, when compared to the remainder of her deposition testimony, must result in the conclusion that appellant could not identify the cause of her husband's fall. To the extent appellant was unsure of the facts, her lack of clarity would be a credibility issue for the trier of fact to resolve. SeeZimmerman v. The Kroger Co. (Aug. 9, 2000), Jackson App. No. 00CA2. We additionally note that conflicting evidentiary materials, most commonly conflicting depositions and affidavits, should generally not be accepted to defeat a summary judgment motion unless the affiant or deponent adequately explains the reason for the discrepancy or contradiction. See, e.g. Fisk v.Rooney (1998), 126 Ohio App.3d 649, 711 N.E.2d 239. In the case sub judice, however, we do not believe that the alleged inconsistency or discrepancy found in appellant's deposition testimony rises to the level of an actual evidentiary conflict. Again, appellant's lone statement that could be viewed as expressing doubt about the cause of her husband's fall, when weighed against the remainder of appellant's deposition testimony, does not appear to be an attempt to simply manufacture a genuine issue of material fact.
 {¶ 19} Appellees further assert that we may uphold the trial court's judgment on the alternate basis that the step presented an open and obvious danger, thus obviating any duty of care. When a danger is open and obvious, a premises owner owes no duty of care to individuals lawfully on the premises. See Armstrong v.Best Buy Co., 99 Ohio St.3d 79, 788 N.E.2d 1088, 2003-Ohio-2573, at ¶ 5; Sidle v. Humphrey (1968), 13 Ohio St.2d 45,233 N.E.2d 589, paragraph one of the syllabus. The underlying rationale is that "the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." Armstrong, at ¶ 5. "The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff." Id. at ¶ 13.
 {¶ 20} In most situations, whether a danger is open and obvious presents a question of law. See Hallowell v. Athens,
Athens App. No. 03CA29, 2004-Ohio-4257, at ¶ 21; see, also,Nageotte v. Cafaro Co., Erie App. No. E-04-15, 2005-Ohio-2098. Under certain circumstances, however, disputed facts may exist regarding the openness and obviousness of a danger, thus rendering it a question of fact. As the court explained inKlauss v. Marc Glassman, Inc., Cuyahoga App. No. 84799,2005-Ohio-1306, at ¶¶ 17-20:
"Although the Supreme Court of Ohio has held that whether a duty exists is a question of law for the court to decide, the issue of whether a hazardous condition is open and obvious may present a genuine issue of fact for a jury to review.
Where only one conclusion can be drawn from the established facts, the issue of whether a risk was open and obvious may be decided by the court as a matter of law. Anderson v. HedstromCorp. (S.D.N.Y. 1999), 76 F.Supp.2d 422, 441; Vella v. HyattCorp. (S.D. MI 2001), 166 F.Supp.2d 1193, 1198; see, also,Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49. However, where reasonable minds could differ with respect to whether a danger is open and obvious, the obviousness of the risk is an issue for the jury to determine. Carpenter v. Marc Glassman, Inc. (1997),124 Ohio App.3d 236, 240; Henry v. Dollar General Store, Greene App. No. 2002-CA-47, 2003-Ohio-206; Bumgarner v. Wal-MartStores, Inc., Miami App. No. 2002-CA-11, 2002-Ohio-6856.
As stated in Henry, supra: `We agree that the existence of a duty is a question of law for the court to decide. Mussivand v.David (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265. As a result, whether a business owner owes a duty of care to protect customers against an open and obvious danger is for a court, not a jury, to resolve. Whether a given hazard is open and obvious, however, may involve a genuine issue of material fact, which a trier of fact must resolve.'
Attendant circumstances may create a genuine issue of material fact as to whether a danger was open and obvious. Quinn v.Montgomery County Educ. Serv. Ctr., Montgomery App. No. 20596,2005-Ohio-808; Collins v. McDonald's Corp., Cuyahoga App. No. 83282, 2004-Ohio-4074. While `there is no precise definition of "attendant circumstances" * * * they generally include any distraction that would come to the attention of a pedestrian in the same circumstances and reduced the degree of care an ordinary person would exercise at the time.' McGuire v. Sears, Roebuckand Co. (1996), 118 Ohio App.3d 494, 499 (citation omitted). Moreover, the phrase `attendant circumstances' refers to all facts relating to the event, such as time, place, surroundings or background and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event. Menke v. Beerman (Mar. 9, 1998), Butler App. No. CA97-09-182, citing Cash v. Cincinnati (1981),66 Ohio St.2d 319."
 {¶ 21} See, also, Oliver v. Leaf and Vine, Miami App. No. 2004CA35, 2005-Ohio-1910, at ¶ 31 ("`The determination of whether a hazard is latent or obvious depends upon the particular circumstances surrounding the hazard. In a given situation, factors may include lighting conditions, weather, time of day, traffic patterns, or activities engaged in at the time.") (internal quotations omitted).
 {¶ 22} In the case sub judice, we note that the trial court did not consider the open and obvious doctrine. Thus, we decline to consider for the first time on appeal that the step presented an open and obvious danger. In light of the Ohio Supreme Court's determination in Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 360, 604 N.E.2d 138, we, as an appellate court, should not first consider an argument that the trial court did not address. In Murphy, the court stated: "A reviewing court, even though it must conduct its own examination of the record, has a different focus than the trial court. If the trial court does not consider all the evidence before it, an appellate court does not sit as a reviewing court, but, in effect, becomes a trial court." Id.
 {¶ 23} Thus, we remand the matter to the trial court so that it may consider the open and obvious doctrine issue. We recognize that the parties did present some evidence regarding this issue, but the trial court apparently concluded that a determination was unnecessary for a resolution of the matter. Failing to remand would mean that we would, in effect, be sitting as a trial court rather than reviewing a trial court's decision. See Bentley v.Pendleton, Pike App. No. 03CA722, 2005-Ohio-3495 (declining to consider issues raised in cross-assignments of error when trial court had not addressed them); Bohl v. Travelers Ins. Group,
Washington App. No. 03CA68, 2005-Ohio-963 (declining to consider issues raised in cross-assignments of error when trial court had not addressed them); Farley v. Chamberlain, Washington App. No. 03CA48, 2004-Ohio-2771 (remanding matter to the trial court so that it, not appellate court, would first consider the issue). We hasten to add, however, that our judgment should not be construed as any comment whatsoever on the merits of the open and obvious doctrine in this particular case. The parties may freely and fully argue this issue anew, and the trial court may render its decision on this issue.
 {¶ 24} Accordingly, based upon the foregoing reasons, we sustain appellant's sole assignment of error, reverse the trial court's judgment and remand for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and remanded for further proceedings consistent with this opinion. Appellant shall recover of appellees costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. McFarland, J.: Concur in Judgment Opinion.
[1] Appellant also named Arthur Alan Corporation, which is the successor corporation to Holly Hill, as a defendant.