DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Andrew and Jason Hunt, appeal from the Lorain County Court of Common Pleas, which granted summary judgment to appellee, Amerisure Mutual Insurance Company. We reverse.
 {¶ 2} James Rodger Hunt was a truck diver for Ford Motor Company, who was driving from Ford's Avon Lake plant to its Lorain facility. Upon witnessing a car crash, he stopped to assist and was struck and killed by an unidentified hit-and-run driver. His sons, Andrew and Jason Hunt, filed an uninsured (UM) motorist claim with Ford's insurer, Amerisure, and sought a declaration from the court that Amerisure was liable for UM coverage over the hit-and-run driver.
 {¶ 3} Amerisure moved for summary judgment on the basis that its policy with Ford was effectively a "fronting" policy; arguing that Ford did not transfer a risk of loss to Amerisure, so Ford is practically and truly self-insured. Self-insured are not obligated to provide UM coverage under R.C. 3937.18, and therefore, Amerisure's policy afforded no coverage to the Hunts. The trial court agreed and relied on Grange Mutual Casualty Co.v. Refiners Transportation Terminal Corp. (1986),21 Ohio St.3d 47, in granting Amerisure summary judgment. The Hunts timely appealed, asserting three assignments of error for review.
 ASSIGNMENT OF ERROR I
"Where a so-called `fronting' insurance policy specifies various circumstances under which the risk of liability would be transferred to the insurer, where Amerisure actually assumed such transferred risk of loss before Ford's indemnity and reimbursement obligation went into effect, and where the insured fails to satisfy the statutory prerequisites for self-insurer status, the trial court erred in holding that Ford was self-insured and that the Amerisure policy issued to Ford was `true self-insurance.'"
 {¶ 4} The Hunts allege that the trial court erred as a matter of law by finding Ford to be practically and truly self-insured under its "fronting" policy with Amerisure, and excusing the UM requirements of R.C. 3937.18. We agree.
 {¶ 5} Appellate courts review summary judgment de novo, viewing the facts as most favorable to the non-moving party and resolving any doubt in favor of that party. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105. Summary judgment is proper if there is no genuine dispute of a material fact so that the issue is a matter of law and reasonable minds could come to but one conclusion, that being in favor of the moving party. Civ.R. 56(C); Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 6} The trial court analyzed this case under Grange,21 Ohio St.3d at 50, to find that Ford was self-insured and then excuse Amerisure from liability. However, the law set out inGrange was modified by Gilchrist v. Gonsor,104 Ohio St.3d 599, 2004-Ohio-7103, at syllabus. Gilchrist specifically addressed and discussed "fronting" policies, such as the one in the present case. Based on the limited record before us on this appeal from summary judgment, the trial court's failure to consider Gilchrist was in error. This assignment of error is sustained.
 ASSIGNMENT OF ERROR II
"Where there is no evidence in the record of a valid,Linko-compliant offer and rejection of the higher policy coverages for UM/UIM purposes, the trial court also erred in concluding (notwithstanding its ruling that the requirements of R.C. 3937.18 did not apply to Amerisure's `fronting' policy because Ford was self-insured) that it `need not analyze underLinko v. [Indemn.] Ins. Co. (2000), 90 Ohio St.3d 445, or Ohio Rev. Code § 3937.18 whether Ford validly rejected and/or reduced Ohio UM/UIM coverage under the Amerisure policy."
 ASSIGNMENT OF ERROR III
"The trial court committed reversible error in ruling that [Appellants] `cannot invoke the [provisions of R.C. 3937.18] in an effort to invalidate Ford's rejection of Ohio UM/UIM coverage [for Hunt] in its Business Auto policy' issued by Amerisure."
 {¶ 7} In these two assignments of error, the Hunts argue that the trial court erred in denying coverage because: (1) Ford's refusal of UM/UIM coverage was improper under a Linko analysis, and (2) James Rodger Hunt was acting within the scope of employment during the accident. Both the Linko analysis and the scope-of-employment analysis involve determinations which have yet to be considered by the trial court in this case. Accordingly, they are not properly before this Court for review. These two assignments of error are not addressed.
 {¶ 8} The Hunts' first assignment of error is sustained. The summary judgment order of the Lorain County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal. We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
Exceptions.
Whitmore, J., and Baird, J., concur.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)