HANS, Appellant,

v.

HARTFORD FIRE INSURANCE COMPANY, Appellee.

[Cite as *Hans v. Hartford Fire Ins. Co.*, 174 Ohio App.3d 212, 2007-Ohio-7064.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–061066.

Decided Dec. 28, 2007.

Schimpf, Ginocchio & Mullins and Julie Schimpf Kehres; and Connelly, Jackson & Collier and Anthony E. Turley, for appellant.

Davis & Young and Richard M. Garner, for appellee.

HILDEBRANDT, Judge.

{¶ 1} This case reminds us of the old adage "Beware of the law of unintended consequences." While we are certain that the corporate named insured in this

case did not intend to provide uninsured or underinsured motorist coverage to an employee's adult son who was injured in a accident involving a car that was not a "company car," that was the unintended effect when a broadened-coverage endorsement was added to the corporation's commercial automobile liability policy.

{¶ 2} Plaintiff-appellant Charles Hans appeals from the trial court's order granting summary judgment and denying recovery under the underinsured-motorist coverage of a commercial automobile policy issued to his mother's employer, Laboratory Corporation of America ("LabCorp"), by defendant-appellee, the Hartford Insurance Company. Because of the addition of an endorsement entitled "Drive Other Car Coverage—Broadened Coverage for Named Individuals" to the Hartford policy and because Hans's mother was listed as a named insured, we are constrained to hold that Hans was an insured under the policy. For this and other reasons, we reverse the judgment of the trial court and remand for further proceedings.

{¶ 3} In June 1997, Hans was a passenger in a car owned by Stephen Hall, when Hall fell asleep while driving and crashed the car. As a result, Hans was permanently injured. At the time of the accident, (1) Hans lived with his mother, Judy Huber; (2) Huber had a personal automobile liability policy with Progressive Insurance Company; (3) Hall, the tortfeasor, also was insured by Progressive; (4) Huber's employer, LabCorp, had a commercial automobile liability policy with limits of $1,000,000 per accident with Hartford; and (5) Huber had been issued a company car for her business and personal use.

{¶ 4} In April 1998, Hans settled with Hall and Progressive for $15,000, Hall's automobile policy's limits, and released Hall from further liability for the accident. That same day, Hans also recovered $40,000 in underinsured-motorist and medical-payment coverage from Progressive under his mother's policy, which exhausted the limits of that coverage. In 1999, the Ohio Supreme Court decided *Scott–Pontzer v. Liberty Mut. Ins. Co.*[1] and *Ezawa v. Yasuda Fire & Marine Ins. Co. of Am.*,[2] holding that when a corporation is listed as the named insured in a commercial automobile liability policy, coverage under that policy may extend to the corporation's employees and the employee's family members. Thus, in July 2000, Hans requested a copy of the Hartford policy to determine whether he was entitled to uninsured/underinsured-motorist ("UIM") coverage from Hartford. Ultimately, Hans filed a declaratory-judgment action against Hartford, seeking UIM coverage in October 2001.

---

1. (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116, limited by *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, paragraph two of the syllabus.

2. (1999), 86 Ohio St.3d 557, 715 N.E.2d 1142, overruled by *Galatis*, at paragraph three of the syllabus.

{¶ 5} Hartford eventually moved for summary judgment. The trial court entered judgment in favor of Hartford, determining that LabCorp was a self-insurer and that its policy with Hartford was not subject to the UIM requirements of former R.C. 3937.18.[3] This court affirmed that judgment.[4] But the Ohio Supreme Court reversed our decision after it changed the law regarding the applicability of former R.C. 3937.18 to practical self-insurers, explaining that "[t]he judgment of the court of appeals is reversed on the authority of *Gilchrist v. Gonsor*, 104 Ohio St.3d 599, 2004-Ohio-7103, 821 N.E.2d 154, and the cause is remanded to the trial court for further proceedings not inconsistent with *Gilchrist v. Gonsor, Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, or *Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329."

{¶ 6} On remand, Hartford again moved for summary judgment, arguing that (1) LabCorp had validly rejected Ohio UIM coverage, (2) Hans was not an insured under the policy, (3) Hans was not legally entitled to recover damages from the tortfeasor, and (4) Hans had violated the notice and subrogation-related provisions of the Hartford policy to Hartford's prejudice. The trial court entered judgment in favor of Hartford, although UIM coverage had arisen by operation of law due to an invalid rejection of that coverage, because Hans was not an insured under the policy, and he was not legally entitled to recover damages from the tortfeasor. (We note that the trial court also determined that because there were genuine issues of material fact regarding whether Hartford had been prejudiced by Hans's violation of the notice and subrogation-related provisions of the policy, this was not a proper basis to grant summary judgment.)

{¶ 7} Hans now contends, in a single assignment of error, that the trial court erred in entering judgment in favor of Hartford. We agree.

{¶ 8} We review a grant of summary judgment de novo.[5] Summary judgment is appropriately granted when there exists no genuine issue of material fact, the movant is entitled to judgment as a matter of law, and the evidence, when viewed in favor of the nonmoving party, permits only one reasonable conclusion that is adverse to the nonmoving party.[6]

{¶ 9} We begin by agreeing with the trial court's determination that UIM coverage had arisen by operation of law in this case. Former R.C. 3937.18

---

3. See 1994 Am.Sub.S.B. No. 20.

4. See *Hans v. Hartford Ins. Co.*, 1st Dist. No. C–020500, 2003-Ohio-3045, 2003 WL 21360402, reversed, 105 Ohio St.3d 318, 2005-Ohio-1823, 825 N.E.2d 1104.

5. *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243.

6. *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189.

required that UIM coverage be made available under automobile liability insurance policies. If the insured did not expressly reject UIM coverage, the coverage arose by operation of law.[7] For there to have been a valid rejection or waiver of UIM coverage, it had to be demonstrated that the insurer had informed the insured of the availability of UIM coverage, set forth the premiums, described the coverage, and expressly stated the coverage limits.[8] Here, LabCorp attempted to reject UIM coverage; however, the Supplemental Auto Application, which offered the UIM coverage, did not set forth the premiums for the rejected coverage, and, consequently, LabCorp's rejection was invalid.[9] UIM coverage then arose by operation of law.

{¶ 10} To support his assignment of error, Hans argues that he was an insured for purposes of Hartford's UIM coverage under an endorsement entitled "DRIVE OTHER CAR COVERAGE—BROADENED COVERAGE FOR NAMED INDIVIDUALS" ("the DOC endorsement") that had been added to the Hartford policy. We agree.

{¶ 11} The DOC endorsement provided UIM coverage to the named insured. The DOC endorsement listed the named insured as "EXECUTIVE OFFICERS OR OTHER EMPLOYEES FURNISHED A COMPANY AUTO." Here, Hans's mother was an employee who had been furnished with a company auto. Thus, she was a named insured. Section C of the DOC endorsement stated, "CHANGES IN AUTO MEDICAL PAYMENTS AND UNINSURED AND UNDERINSURED MOTORISTS COVERAGES[:] The following is added to WHO IS AN INSURED: An individual named in the Schedule and his or her 'family members' are 'insured' while 'occupying' or while a pedestrian when being struck by any 'auto' you don't own." On its face, the DOC endorsement provided that an "insured" included "family members" of the named insured, which, in this case, was Hans's mother. Section E of the DOC endorsement then defined "family members" to include "a person related to the individual named in the Schedule by blood, marriage or adoption who is a resident of the individual's household, including a ward or foster child." Here, it is undisputed that Hans lived with his mother at the time of his accident. Accordingly, he was a "family member." Based on the plain language of the DOC endorsement, which specifically stated that it was providing "broadened" coverage, we hold that Hans was an insured for purposes of the UIM coverage that had arisen by operation of law.

---

7. *Selander v. Erie Ins. Group* (1999), 85 Ohio St.3d 541, 709 N.E.2d 1161; *Roper v. State Auto. Mut. Ins. Co.*, 1st Dist. No. C–010117, 2002-Ohio-3283, 2002 WL 1389831.

8. See *Linko v. Indemn. Ins. Co. of N. Am.* (2000), 90 Ohio St.3d 445, 739 N.E.2d 338.

9. See *Glover v. Smith*, 1st Dist. Nos. C–020192 and C–020205, 2003-Ohio-1020, 2003 WL 832493.

{¶ 12} We note that this holding is in line with *Miller v. Watkins*,[10] in which this court considered the same DOC endorsement in another multistate policy where UIM coverage had arisen by operation of law. There we determined that if UIM coverage had been effective in Ohio, then the son of the named insured, Miller, would have been an "insured for purposes of uninsured-motorist benefits." We then considered whether to look to the terms of the uninsured-motorist coverage contained in that automobile liability policy to determine what terms and conditions applied to the uninsured-motorist coverage that had arisen by operation of law in Ohio.

{¶ 13} We held the following: "[T]he terms and conditions of the uninsured-motorist coverage in the [automobile liability] policy that were in effect for states in which uninsured-motorist coverage could not be rejected were applicable to the uninsured-motorist coverage that arose by operation of law in Ohio. The parties contracted for uninsured-motorist coverage in certain states. The terms set forth in the [automobile liability] policy were the terms for which the parties to the contract bargained. Clearly, the parties intended the terms and conditions of the uninsured-motorist coverage set forth in the policy to apply in states where [the corporate named insured's] motorist coverage was effective. We hold that the same terms and conditions arose by operation of law in Ohio pursuant to former R.C. 3937.18." [11]

{¶ 14} Accordingly, because Hartford intended for the DOC endorsement to apply in those states where UIM coverage was effective, the terms and conditions applied to the Ohio UIM coverage that had arisen by operation of law in this case. Therefore, the trial court erred in determining that Hans was not an insured under the Hartford policy.

{¶ 15} As an aside, we are aware that LabCorp had intended to reject UIM coverage for Ohio. Unfortunately, that rejection was invalid. What we are left with is a multistate automobile policy that provided UIM coverage to family members of employees who had been provided with a company car. The Ohio Supreme Court has specifically held that where a policy of insurance designates a corporation as a named insured, insurance coverage extends to a family member of an employee of the corporation, if and only if that employee is also a named insured. And these are the facts here. The DOC endorsement listed Hans's mother as a named insured. We are bound by this language.

{¶ 16} Hans next argues that the trial court erred in determining that Hans was not "legally entitled to recover" from Hall, the tortfeasor, and was thus

---

**10.** 1st Dist. No. C–030065, 2004-Ohio-3132, 2004 WL 1363268.

**11.** Id. at ¶ 24.

ineligible to receive UIM benefits. The pre-H.B. No. 261 version of R.C. 3937.18(A)(1), applicable here, specifically provided that "a person is legally entitled to recover damages if he is able to prove the elements of his claim that are necessary to recover damages from the owner or operator of the uninsured motor vehicle." [12] And the Ohio Supreme Court has provided guidance in this area by concluding that when a claimant settles with the tortfeasor for the tortfeasor's liability-insurance limits, the claimant's "ability to prove the elements of his claim and recover damages from the * * * tortfeasor is not at issue—he has already received [the policy limits] in settlement with the tortfeasor's insurer." [13]

{¶ 17} Here, Hans settled with Hall and Progressive for Hall's liability limits. Clearly, Hans was legally entitled to recover damages from Hall and did so. But Hartford urges us to rely on *Laibson v. CNA Ins. Cos.,*[14] where we held that an insured was not entitled to pursue an uninsured-motorist claim against his insurer, when the insured had failed to file suit against or settle with the tortfeasor within the applicable statute-of-limitations period. But the facts in this case are distinguishable from *Laibson.* Hans did not sit on his rights as the insured did in *Laibson.* Hans settled with the tortfeasor within seven months from the date of the accident, well within the statute-of-limitations period. Further, there was no requirement in the Hartford policy that Hans file a lawsuit against the tortfeasor before he could pursue a claim for UIM benefits.

{¶ 18} Based on the foregoing, we hold that Hans was legally entitled to recover damages form the tortfeasor and, thus, that he was entitled to pursue an uninsured- or underinsured-motorist claim under the Hartford policy.

{¶ 19} The single assignment of error is sustained. Accordingly, we reverse the judgment of the trial court and remand this case for further proceedings, including an assessment of whether any breach of the prompt-notice and subrogation-related provisions of the Hartford policy was prejudicial to Hartford.[15]

Judgment reversed
and cause remanded.

PAINTER, P.J., and HENDON, J., concur.

---

**12.** See also *Kurent v. Farmers Ins. of Columbus* (1991), 62 Ohio St.3d 242, 581 N.E.2d 533.

**13.** See *Ohayon v. Safeco Ins. Co.* (2001), 91 Ohio St.3d 474, 747 N.E.2d 206.

**14.** (May 14, 1999), 1st Dist. No. C–980736, 1999 WL 299899.

**15.** See *Ferrando v. Auto–Owners Mut. Ins. Co.,* 98 Ohio St.3d 186, 2002-Ohio-7217, 781 N.E.2d 927, paragraphs one and two of the syllabus.