DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant Richard Marshall appeals the trial court's judgment on the pleadings entered in favor of appellee RL. Collins Company. He argues that the trial court failed to construe the exhibits attached to his complaint and the factual allegations in his favor when resolving appellee's motion for judgment on the pleadings. We agree. Appellant disputed the existence of the contractual terms that appellee attached to its answer. This created a factual dispute that the court could not appropriately resolve in a Civ.R. 12(C) motion for judgment on the pleadings. Accordingly, we sustain *Page 2 
appellant's sole assignment of error and reverse and remand the trial court's judgment.
 I. FACTS {¶ 2} On January 2, 2007, appellant filed a complaint against appellee. He alleged breach of contract, negligence, and breach of implied warranty. He claimed that starting in September 1997, he entered into three written contracts with appellee to store personal property in a public storage area that appellee owned. He asserted that the contracts consisted of three, two-page documents, which he attached to his complaint. He alleged that in January of 2005, the area where he stored his property became flooded and damaged his property. Appellant averred that appellee breached the contractual duty to care for his property, to protect it from flooding, and to warn him of the potential for flooding. Appellant further asserted that appellee negligently failed to warn him of the potential for flooding, negligently failed to protect his property, and negligently failed to provide a safe place for his property.
 {¶ 3} Appellant attached to his complaint an agreement dated September 17, 1997, which stated, in part, that it was "subject to the terms and conditions on the reverse side of this page." A second page, which may or may not have been the reverse side, stated: "We do not carry insurance *Page 3 
on your items in storage." The second agreement is dated February 24, 2001, and again states that it "is subject to the terms and conditions on the reverse side of this page." A second page, which again may or may not have been the reverse side, stated: "We do not carry insurance on your items in storage. You must contact your insurance company for insurance on your items." The third agreement is dated November 6, 2004 and again states that it "is subject to the terms and conditions on the reverse side of this page." A second page states: "We do not carry insurance on your items in storage. You must contact your insurance company for insurance on your items." It also states in a separate paragraph: "We are not responsible for flood, tornado, blizzard, or other natural[ly] occurring acts, all of which have been a part of the Circleville and central Ohio climate and experience historically."
 {¶ 4} In its answer, appellee alleged that appellant failed to include the reverse side of the three contracts, which included the following language:
 "5. Your Own Insurance and Liability: You must carry your own insurance on property stored in the space. Any insurance proceeds payable to you as a result of loss or damage to property on the premises shall be for your sole benefit. Likewise, any insurance proceeds payable because of insurance purchased by us shall be for our sole benefit. We each waive any respective right to subrogation against each other. We will not be liable to you or to any other person for any loss, injury, or damage to you or any employee, agent or guest of yours, your personal property, or any other person arising from any *Page 4 
cause whatsoever, including without limitation, any acts of negligence, improper construction or failure to repair any building or improvement on the premises.
 * * * *
 11. Relationship of Parties, Assignments, Subletting: We both agree that no provision in this rental agreement or any act of the parties will create any bailment or any relationship between us and you other than the relationship of a landlord and tenant. You have no right to assign this agreement or sublet the space without our written consent."
Appellee claimed that the foregoing language relieved it of liability for
damage to appellant's property.
 {¶ 5} Appellee subsequently filed a motion for judgment on the pleadings. It claimed that paragraph 5 was "a complete release of liability."
 {¶ 6} Appellant argued in his memorandum contra that none of the language in paragraph 5 is in any of the three contract documents that he signed.
 {¶ 7} The trial court subsequently granted appellee's motion. The court found that paragraphs 5 and 11 relieved appellee of liability. Appellant timely appealed the trial court's judgment.
 II. ASSIGNMENT OF ERROR {¶ 8} Appellant raises the following assignment of error:
 {¶ 9} I. "THE COURT ERRED BY GRANTING
 DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS." *Page 5 
 III. LEGAL ANALYSIS {¶ 10} In his sole assignment of error, appellant argues that the trial court erred by granting appellee's motion for judgment on the pleadings. He alleges that factual disputes remained regarding the contents of the contracts. He claims that the document appellee attached to its answer differed from the documents appellant attached to his complaint and that the trial court could not resolve this discrepancy when considering appellee's motion for judgment on the pleadings.
 {¶ 11} Appellee argues that even if the trial court should not have considered the document attached to its answer, the court's judgment was still proper. Appellee contends that the language contained in the documents appellant attached to his complaint show that appellant waived liability against appellee.
 {¶ 12} We independently review a trial court's decision regarding a Civ.R. 12(C) motion for judgment on the pleadings. See Dolan v.Glouster, 173 Ohio App.3d 617, 2007-Ohio-6275, 879 N.E.2d 838, at ¶ 7. A trial court may not grant a motion for judgment on the pleadings unless the court finds that the plaintiff can prove no set of facts that would entitled him to relief. See, e.g., Corporex Dev. Constr. Mgt., Inc. v.Shook, Inc., 106 Ohio St.3d 412, 2005-Ohio-5409, 835 N.E.2d 701, at ¶ 2; State ex rel. *Page 6 Midwest Pride IV, Inc. v. Pontious (1996), 75 Ohio St.3d 565, 570,664 N.E.2d 931, Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 165-166,297 N.E.2d 113. In determining whether to grant a motion for judgment on the pleadings, the court must construe all material allegations of the complaint and all reasonable inferences that can be drawn from it in the plaintiffs favor. See, e.g., Peterson. "Thus, Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law." Midwest Pride,75 Ohio St.3d at 570.
 {¶ 13} Here, the parties dispute which documents comprise the contract. Appellant attached six pages, consisting of three separate contracts, to its complaint. Appellee attached an additional document to its answer, but appellant denies that this document is a part of any of the contracts. Because this is a factual dispute, the trial court should not have considered the document appellee attached to its answer. Instead, it should have looked solely to the allegations of appellant's complaint.
 {¶ 14} Because the trial court based its decision upon the existence of disputed contractual terms, we must reverse and remand its judgment so that it may consider the propriety of appellee's motion based solely upon the allegations in appellant's complaint and the attached exhibits.[1] *Page 7 
Accordingly, we sustain appellant's sole assignment of error and reverse and remand the trial court's judgment for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND THE CAUSE REMANDED FOR FURTHER PROCEEDINGSCONSISTENT WITH THIS OPINION. *Page 8 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Kline, J.: Concur in Judgment and Opinion.
[1] Although appellee suggests that we can determine the issue independently by looking solely to appellant's complaint and the attached exhibits, we decline to do usurp the trial court's role as the initial decision-maker. See Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 360, 604 N.E.2d 138; Bentley v. Pendleton, Pike App. No. 03CA722,2005-Ohio-3495 (declining to consider issues raised in cross-assignments of error when trial court had not addressed them); Bohl v. TravelersIns. Group, Washington App. No. 03CA68, 2005-Ohio-963 (declining to consider issues raised in cross-assignments of error when trial court had not addressed them); Farley v. Chamberlain, Washington App. No. 03CA48, 2004-Ohio-2771 (remanding matter to the trial court so that it, not appellate court, would first consider the issue). *Page 1