DECISION AND JUDGMENT ENTRY
{¶ 1} Jan Ramsey ("Appellant") appeals the decision of the Ross County Court of Common Pleas granting Tim Rutherford's ("Appellee") motion to dismiss. The Appellant contends the trial court erred when it granted the Appellee's supplemental motion to dismiss for the following reasons: (1) the Appellee never raised his defense, res judicata, in a responsive pleading; (2) the trial court should have granted the Appellant's motion for default judgment; and (3) res judicata did not bar the Appellant from piercing the corporate veil to hold the Appellee personally responsible for the arbitration award. Because the Appellee failed to raise his res *Page 2 
judicata defense in a responsive pleading, we find that the trial court erroneously granted his motion to dismiss. We therefore reverse its judgment and remand the matter for proceedings consistent with this opinion.
 I. Facts {¶ 2} In 2002, the Appellant entered into a home construction contract with Rutherford Construction Company, Inc. ("Company"), a corporation wholly-owned by the Appellee. During construction of the home, it became apparent to the Appellant that draining problems were not being adequately addressed, as evidenced by flooding in the basement of the new construction.
 {¶ 3} When the Company refused to take corrective measures, the Appellant called upon it to enter into arbitration proceedings, as agreed to in the construction contract. The court appointed a layman, Patrick Anderson, President of the Ross County Contractors Association, to serve as arbitrator. He awarded the Appellant $78,400.00. Ultimately, the trial court entered judgment in favor of the Appellant in the amount of the arbitrator's award.
 {¶ 4} After the arbitration was reduced to judgment, the Appellee's testimony was taken under oath in a debtor's exam. During the course of the examination, the Appellee was asked to produce his corporate records *Page 3 
pertaining to statutorily required formal actions of corporations. Upon questioning by the Appellant's counsel, the Appellee admitted that the records he produced were created for the debtor's exam and did not, in fact, exist prior to the time the exam was scheduled.
 {¶ 5} On April 21, 2006, the Appellant filed a complaint in the Ross County Court of Common Pleas against the Appellee, alleging that the Appellee's control over the Company was so complete that the Company had no separate mind, will, or existence of its own, and that such control was exercised by the Appellee to commit a fraud against the Appellant, resulting in a damage award of $78,400.00. The Appellee did not file an answer in response to the complaint. Instead, the Appellee filed a motion to dismiss pursuant to Civ.R. 12(B), alleging failure to join a necessary party and failure to state a claim upon which relief could be granted. On June 27, 2006, the trial court overruled the Appellee's motion. The Appellee failed, in the wake of that decision, to file an answer within the fourteen days permitted by Civ.R. 12(A)(2)(a). Accordingly, on August 11, 2006, the Appellant filed a Civ.R. 55 motion for default judgment.
 {¶ 6} In the period between the trial court's decision overruling the Appellee's motion to dismiss and the Appellant filing her motion for default judgment, the Appellee filed a supplemental motion to dismiss on the theory *Page 4 
of res judicata. In the motion to dismiss, the Appellee contended the Appellant, having arbitrated a construction dispute with the Company, was estopped from commencing an action to pierce the Company's corporate veil and pursue the Appellee personally for the damages awarded in the arbitration. On October 23, 2006, the trial court granted the Appellee's supplemental motion to dismiss on res judicata grounds, and further held that the Appellant's motion for default was accordingly moot. The trial court additionally failed to pass on a motion to file an answer instanter filed by the Appellee after service of the Appellant's motion for default. The Appellant now appeals from the trial court's decision granting the Appellee's motion to dismiss on res judicata grounds, asserting the following assignments of error:
 II. Assignments of Error {¶ 7} 1. THE CIVIL RULES PROVIDE THAT THE DEFENSE OF RES JUDICATA MAY BE RAISED ONLY BY A RESPONSIVE PLEADING, AND THE COURT BELOW ERRED IN PERMITTING THE APPELLEE, WHO NEVER FILED A RESPONSIVE PLEADING, TO RAISE THE DEFENSE BY MOTION.
 {¶ 8} 2. THE COURT ERRED IN FAILING TO SUSTAIN APPELLANT'S MOTION FOR JUDGMENT BY DEFAULT.
 {¶ 9} 3. IT WAS ERROR FOR THE COURT TO HOLD THAT THE DOCTRINE OFRES JUDICATA BARS APPELLANT FROM PIERCING THE CORPORATE VEIL TO HOLD APPELLEE-SOLE SHAREHOLDER INDIVIDUALLY RESPONSIBLE *Page 5 
FOR AN ARBITRATION AWARD WHERE THE PREDICATE ACTS FOR PIERCING THE CORPORATE VEIL OCCURRED DURING AND AFTER THE ARBITRATION PROCEEDINGS, AND WHERE THE UNDERLYING ISSUE OF ULTIMATE RESPONSIBILITY FOR PAYMENT WAS NOT ACTUALLY LITIGATED NOR CAPABLE OF BEING LITIGATED WITHIN THE ARBITRATION FRAMEWORK.
 III. Legal Analysis {¶ 10} In her first assignment of error, the Appellant contends the trial court erred when it permitted the Appellee to raise the defense of res judicata by motion, rather than responsive pleading, as the Civil Rules direct. Civ.R. 12(B), governing defenses and objections, states, in pertinent part:
 "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19 or Rule 19.1."
 {¶ 11} When the Appellee was initially served with the Appellant's complaint and summons, he did not file an answer, but rather filed a Civ.R. 12(B) motion, claiming failure to join a necessary party and failure to state a claim upon which relief could be granted. Both of those defenses are mentioned in Civ.R. 12(B), and the motion, although dismissed by the trial court, was properly filed under that rule. The supplemental motion filed on *Page 6 
the basis of res judicata, however, was not properly addressed by the court, as res judicata defenses are not amongst those defenses specifically enumerated in Civ.R. 12(B) that can be made by motion rather than responsive pleading. See generally State ex rel. Freeman v.Morris (1991), 62 Ohio St.3d 107, 109, 579 N.E.2d 702; Shaper v.Tracy (1995), 73 Ohio St.3d 1211, 1212, 654 N.E.2d 1268. Additionally, Civ.R. 8(C) requires res judicata defenses to be set forth in pleadings, as follows:
 "In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, want of consideration for a negotiable instrument, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense."
(Emphasis added). Res judicata is an affirmative defense not properly decided in a motion to dismiss. See generally Cooper v. Highland Cty.Bd. of Commrs. (May 13, 2002), Highland App. No. 01CA15, 2002-Ohio-2353, at ¶ 11; Hamrick v. Daimler-Chrysler Motors (June 18, 2003), Lorain App. No. 02CA008191, 2003-Ohio-3150, at ¶ 7; Charles Gruenspan Co. v.Thompson (July 10, 2003), Cuyahoga App. No. 80748, 2003-Ohio-3641, at ¶ 10. Because Civ.R. 8 and 12(B) require res judicata defenses to be raised in a pleading, and the time at which the Appellee filed the supplemental motion raising the res judicata defense was out of rule, the trial court *Page 7 
improperly granted the Appellee's supplemental motion. We therefore sustain the Appellant's first assignment of error.
 {¶ 13} As to Appellant's second assignment of error, we decline to address the issue raised therein for the first time on appeal. This Court only acts as a reviewing court and should not consider issues on appeal that the trial court did not decide. See Lang v. Holly HillMotel, Inc., (December 15, 2005), Jackson App. No. 05CA6,2005-Ohio-6766, at ¶ 22, citing Murphy v. Reynoldsburg (1992), 65 Ohio St.3d. 356, 360. As such, we now fail to address the second assignment of error because the trial court has not considered it first.
 IV. Conclusion {¶ 14} In our view, the trial court erred when it allowed the Appellee to raise the defense of res judicata by means of a motion to dismiss, rather than a responsive pleading. Further, we fail to address the second assignment of error and remand so the trial court can have an opportunity to consider the same. Our determination of this matter renders the Appellant's third assignment of error moot. Accordingly, we reverse the judgment of the trial court and remand for proceedings consistent with this opinion.
 JUDGMENT REVERSED AND THE CAUSE REMANDED. *Page 8 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J., McFarland, J., and Kline, J.: Concur in Judgment and Opinion. *Page 1